# EXHIBIT 1

# UNITED STATES DISTRICT COURT

for the     DISTRICT OF   CONNECTICUT

Doe Run Peru S.R.L.

**SUBPOENA IN A CIVIL CASE**
for use in foreign proceeding:
Doe Run Peru S.R.L. v. Trafigura Group (CASE NO 10381-2011(20)YR160YEN) pending in the Criminal Court in and for Lima

v.

Trafigura A.G.

TO:  Trafigura A.G.
One Stamford Plaza
263 Tresser Boulevard, 16th Floor
Stamford, CT 06901

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents and objects):

See Exhibit A.

| PLACE Cummings & Lockwood, Six Landmark Square, Stamford, CT 06901 | DATE AND TIME 05/25/11, 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Doe Run Peru S.R.L. | 05/16/11 |

DMSLIBRARY01-16551223.1

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

*[Signature]* T.T.T. Cummings & Lockwood, 6 Landmark Square, Stamford, CT 06901  (203) 351-4677

DMSLIBRARY01-16551223.1

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                  DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

　　(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

　　(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

　　(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

　　(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
　　　　(i) fails to allow reasonable time for compliance;
　　　　(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, expect that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

　　　　(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
　　　　(iv) subjects a person to undue burden.

　　(B) If a subpoena
　　　　(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
　　　　(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts's study made not at the request of any party, or
　　　　(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect the person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)　　DUTIES IN RESPONDING TO SUBPOENA.

　　(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
　　(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

### DEFINITIONS

1. "DRP" means Doe Run Peru S.R.L.

2. "DRC" means Doe Run Caymen Ltd.

3. "Cormín" means Consorcio Minero S.A.

4. "Trafigura" means the Trafigura Group.

5. "Respondent" means Trafigura A.G., the United States presence of Trafigura located in Stamford, Connecticut.

6. The "Libel Action" means the libel action, filed on May 12, 2011, that a representative of DRP brought against representatives of Cormín and Trafigura.

7. "INDECOPI" means the Bankruptcy Proceeding Commission of the National Institute for the Defense of Free Competition and the Protection of Intellectual Property.

8. The "April 4, 2011 Article" means the article entitled "Shareholders of Doe Run Only Invested US$ 2 Million" that the Andina news service published and disseminated on April 4, 2011 and that *Gestión* newspaper republished on April 5, 2011.

9. The "April 8, 2011 Press Release" means the press release entitled "The Truth About Doe Run Peru - Related Debts are Illegal" that Cormín disseminated on April 8, 2011 and that was subsequently published in El *Commercio, Gestión, La República*, and *Correo* newspapers.

10. The "April 20, 2011 Article" means the article entitled "Doe Run Defrauded the State in the Purchase of the Metallurgical Complex" that *La República* published on April 20, 2011.

1

11. The "First Civil Action" means the civil action filed by Cormín on March 24, 2011 in the Twelfth Civil Court Specialized in Commercial Matters.

12. The "BDO Report" means the September 10, 2010 report that was (1) prepared by BDO at the request of Cormín that purports to summarize certain of DRP's financial transactions; and (2) attached to the complaint in the First Civil Action.

13. The "Ugaz Opinion" means the April 1, 2010 legal opinion of Beneties, Forno, Ugaz & Loudowieg, Andrade Abogados in the letter signed by José Carlos Ugaz Sanches Moreno that was attached to the complaint in the First Civil Action.

14. The "Amended Civil Action" means the revised civil action filed by Cormín on April 8, 2011 in the Twelfth Civil Court Specialized in Commercial Matters.

15. "And" includes the word "or" and vice-versa.

16. "Any" includes the word "all" and vice-versa.

17. The term "communication(s)" shall mean the transmittal of any information by any method and includes all meetings, discussions, telephone conversations, contracts, letters, e-mails, memoranda, correspondence, reports, statements, consultations, negotiations, estimates, purchase orders and any document related thereto.

18. As used herein, the terms "document" or "documents" shall mean all communications in a tangible form, however produced, reproduced, or stored on any electronic media from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form (including servers, hard drives, jump drives, CDs, DVDs or any other storage device), and shall include, but shall not be limited to, the following:  databases, all records, memoranda, reports, financial statements, handwritten and other notes, transcripts, papers, indices, letters, envelopes,

invoices, bills, telegrams, cables, telex messages, tabulations, work papers, timesheets, statements, summaries, opinions, journals, desk calendars, appointment books, diaries, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, manuals, notes or summaries of telephone conversations or messages or other communications of any type, video recordings, photographs, tape or other recordings, punch cards, discs, data cells, drums, printouts, and other data compilations from which information can be obtained, electronically-stored information, phone records, correspondence, teletype messages, electronic mail, instant messages, internal memoranda, agreements, diary entries, minute books, financial records, accounting records, income tax returns, ledgers, journals, audits, receipts, canceled checks, check stubs, drafts and other written deeds, leases, mortgages, assignments, insurance policies, or other instruments related to real or personal property printed or typed matter, diagrams, plans, pictures, travel, entertainment, or expense records or reports or any other tangible thing that constitutes matter. The terms "document" and "documents" shall also mean originals and exact copies or reproductions of all such written, printed, typed recorded or graphic material or matter upon which notations or markings in writing, print or otherwise have been made which do not appear in the originals, and electronic files in native format with all associated data intact, including without limitation, system and imbedded metadata.

19. The term "person" shall mean any individual, corporation, organization, association, partnership, enterprise, limited partnership, limited liability company, firm, joint venture, trustee, governmental body, agency, governing board, department or division, or any other entity.

20. The phrase "Republic of Peru" shall mean and refer to the governing political body in Peru, including without limitation its officials, politicians, partners, contractors, employees, servants, representatives, agents, agencies, offices, insurance companies, attorneys, accountants, investigators, assigns, or any other person or entity acting, or purporting to act, on the Republic of Peru's behalf, either directly or indirectly.

21. The term "identify," when used in reference to:

    a. A person who is an individual, shall mean to state his or her name, current or last known employer, position, current or last known business or residence address (designating which), and business or residence telephone number (designating which);

    b. A person that is a firm, partnership, corporation, proprietorship, association, or other organization or entity shall mean to state the full name and present or last known address and telephone number, the legal form of such entity or organization, and the identity of its chief executive officers;

    c. A document shall mean to state the date thereof and to identify the writer or originator of the document, any persons to whom it was sent, the subject matter dealt with in the document, the present location thereof, and the name(s) of the custodian(s) thereof.

22. As used herein the terms "provide" or "provided" shall mean to provide, to procure, to render, to furnish, to make available, to get, or to supply what is desired either directly or indirectly.

23. The phrases "related to" and "relating to" shall mean in relation to, related to, consisting of, referring to, reflecting, concerning, discussing, evidencing, commenting on,

4

supporting, contradicting or having any logical or factual connection with the matter identified, in whole or in part.

24. The term "translation" shall mean and refer to the translation of a document from one language into another language.

25. The phrase "you" or "your" shall mean and include yourself and all persons acting in your interest or on your instructions or assisting you, including without limitation your agents, servants, and representatives, including attorneys, accountants, investigators, advisors, consultants, and contractors.

## INSTRUCTIONS

The following instructions shall govern the response and production of documents:

1. All documents responsive to these Document Requests are to be Bates-stamped, or otherwise individually identified prior to any review for privilege.

2. In the event that any document called for by these Document Requests is withheld on the basis of a claim of privilege, that document is to be identified in a privilege log as follows: Bates number or range (or equivalent document identifier), author(s), addressees(s), indicated or blind copy recipient(s), date, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, the present custodian, and the name and nature of the privilege asserted. Any responsive document provided to any other person or entity prior to the production for review for any privilege or protection, or for any other reason, shall be clearly Bates labeled prior to being provided to such person or entity. A log of all documents so provided shall be maintained and included with any production.

3. In the event that any document called for by these Document Requests has been destroyed, discarded, otherwise disposed of, or no longer exists, that document is to be

5

identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of disposal, reason for disposal, person authorizing the disposal, and the person disposing of the document and identify its last known location and the reason it is no longer in existence.

4. In the event that any document called for by these Document Requests and maintained electronically has been deleted from the system on which it was maintained, that document is to be identified as completely as possible, including, without limitation, the following information: author(s), addressee(s), indicated or blind copy recipient(s), date, subject matter, date of deletion, reason for deletion, person authorizing the deletion, and the person deleting the document, and identify its last known location and the reason it is no longer in existence. The system from which any such document was deleted shall be maintained in its present state, without reformatting, overwriting, or otherwise impairing the ability to recover any such document.

5. In the event that any information is redacted from a document produced pursuant to these Document Requests, that information is to be identified and the basis upon which such information is redacted should be fully stated.

6. In the event that multiple copies or versions of a document exist, produce all non-identical copies of the document, including any and all drafts of the document, and including any and all copies of the document with non-identical metadata.

7. At the time and place of production of the documents requested herein, produce the requested documents as they are kept or maintained in the usual or ordinary course of business.

8. Pursuant to Fed. R. Civ. P. 34(b)(1)(C), electronically stored information is to be produced in their native electronic form, with all system and imbedded metadata intact. Documents shall not be converted to any other format, including, without limitation, .pdf, or .TIFF format, that in any way limits, destroys, modifies, or restricts system or imbedded metadata. If a document is maintained in both electronic and non-electronic form, the electronic form of the document is to be produced in its native electronic form, with all system and imbedded metadata intact.

9. For each document produced, identify the specific Document Request category to which it is responsive.

10. For each document produced, identify the office and location where that document was kept prior to this proceeding.

11. As used herein, the singular form of a word shall be interpreted to include the plural form and the plural form shall be interpreted to include the singular whenever appropriate in order to bring within the scope of this request any documents which might otherwise b e considered to be beyond its scope.

## DOCUMENTS TO BE PRODUCED

1. All documents relating to the institution, commencement and continuation of the INDECOPI proceedings in Peru.

2. All documents relating to the institution, commencement and continuation of any action in any Peruvian court against DRP, DRC or any of their shareholders or affiliates, including the two actions instituted by Cormín in the Twelfth Civil Court Specialized in Commercial Matters.

3. All documents relating to the BDO Report, including any documents concerning the engagement of BDO with respect to this report.

7

4. All documents relating to the Ugaz Opinion.

5. All documents relating to the April 4, 2011 Article, including any documents related to the decision that representatives from Cormín would make the statements that were contained in that article;

6. All documents relating to the April 8, 2011 Press Release, including any documents concerning the drafting of and the decision to issue that press release; and

7. All documents relating to the April 20, 2011 Article, including any documents concerning the statements that representatives of Cormín made to *La República* and the decision to disseminate a copy of papers filed in the Amended Civil Action to *La República*.

8. All documents providing support for the statements regarding DRP, DRC and their shareholders and affiliates made in (i) the complaints filed in the Twelfth Civil Court Specialized in Commercial Matters, (ii) the April 4, 2011 Article, (iii) the April 8, 2011 Press Release and (iv) the April 20, 2011 Article.